**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1905**

MIGUEL ANGEL DIAZ RUIZ, a/k/a Miguel Angel Moran Diaz, a/k/a Miguel Angel Ruiz,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 19, 2020                          Decided: March 5, 2020

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Jorge E. Artieda, JORGE E. ARTIEDA LAW OFFICE P.C., Falls Church, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Margot L. Carter, Senior Litigation Counsel, Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Diaz Ruiz, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his requests for withholding of removal and protection under the Convention Against Torture (CAT). For the reasons set forth below, we deny the petition for review.

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) [2018] if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." *Gomis v. Holder*, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted). An alien "must show a 'clear probability of persecution' on account of a protected ground." *Djadjou v. Holder,* 662 F.3d 265, 272 (4th Cir. 2011) (quoting *INS v. Stevic*, 467 U.S. 407, 430 (1984)). We afford "a high degree of deference" to a determination that an alien is not eligible for withholding of removal and review administrative findings of fact under the substantial evidence standard. *Gomis*, 571 F.3d at 359. Under the substantial evidence test, affirmance is mandated "if the evidence is not so compelling that no reasonable factfinder could agree with the [Board]'s factual conclusions." *Gandziami-Mickhou v. Gonzales,* 445 F.3d 351, 354 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that substantial evidence supports the agency's finding that Diaz Ruiz failed to establish a nexus between his claimed harm and his proposed particular social group and that the record does not compel a different result. *See Velasquez v. Sessions*,

2

866 F.3d 188, 194 (4th Cir. 2017) ("Aliens with a well-founded fear of persecution supported by concrete facts are not eligible for asylum if those facts indicate only that the alien fears retribution over purely personal matters." (alterations and internal quotation marks omitted)); *Huaman-Cornelio v. BIA*, 979 F.2d 995, 1000 (4th Cir. 1992) (same). Because this finding is dispositive of Diaz Ruiz's claim for withholding of removal, we need not consider Diaz Ruiz's arguments as to the viability of his particular social group or the reasonableness of relocation. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Diaz Ruiz also raises challenges to the agency's denial of his request for CAT relief. To qualify for protection under the CAT, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2019). To state a prima facie case for relief, a petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2019); *see Saintha v. Mukasey*, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). The applicant need not prove the torture would be inflicted on account of a protected ground. *Dankam v. Gonzales*, 495 F.3d 113, 115 (4th Cir. 2007). We review for substantial evidence the denial of CAT relief. *Id.* at 124. The Board's legal determinations are subject to de novo review. *See Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012).

Although Diaz Ruiz raises challenges to the agency's finding that he failed to meet the acquiescence component of 8 C.F.R. § 1208.18(a)(1), he fails to challenge the agency's independent and dispositive finding that he failed to demonstrate that it is more likely than not that he would be tortured if returned to Guatemala. Because we conclude that substantial evidence supports this finding, we uphold the agency's denial of protection under the CAT.

We therefore deny the petition for review. *In re Diaz Ruiz*, (B.I.A. July 22, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*